AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Northern District of Texas

2021 AUG 17 PH 4: 34

DEPUTY CLERK

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| (1) ISAIAH MORENO; | ) | Case No. |
| (2) ELIAS SISNEROS | ) | |
| | ) | 5-21MJ0085 |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __August 16, 2021__ in the county of __Lubbock__ in the __Northern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Charge 1: 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) | Distribution and Possession with Intent to Distribute Tetrahydrocannabinols. |
| Charge 2: 18 U.S.C. § 924(c) | Possession of Firearms in Furtherance of a Drug Trafficking Crime. |

This criminal complaint is based on these facts:
(see attached affidavit)

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Tony Williams, DEA TFO
*Printed name and title*

Attested to by the applicant in accordance with the requirements of FED. R. CRIM. P. 4.1 by telephone this 17th day of ___August___, 2021

Date: 8/17/21

_____
*Judge's signature*

City and state: Lubbock, Texas          D. Gordon Bryant, Jr., U.S. Magistrate Judge
*Printed name and title*

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Tony Williams, after being duly sworn, depose and say as follows:

## I. Introduction

1. My name is Tony Williams, I am an investigative or law enforcement officer for the United States, within the meaning of 18 U.S.C. § 2510(7), and I am empowered by law to investigate and arrest persons for offenses enumerated in 18 U.S.C. § 2516.

2. I have been a Drug Enforcement Administration (DEA) Task Force Officer (TFO) since 2017, and I am currently assigned to the Dallas (Texas) Field Division, Lubbock (Texas) Resident Office. From 2003 to 2015, I was a police officer with the Lubbock Police Department. From 2007 to 2013, I was assigned as a narcotics investigator with the Special Operations Division of the Lubbock Police Department. Since 2015 I have been a Sergeant with the Lubbock County Sheriff's Office Narcotics Division. During my time as a narcotics investigator, I have received training in investigating drug offenses, drug conspiracies, undercover operations, visual and electronic surveillance, interviewing confidential sources, executing searches and seizures, writing affidavits to support arrest and/or search warrants, recognizing drugs, exploiting communication devices, use of force, clandestine laboratory and laboratory procedures, and asset forfeiture.

3. Based on my training and experience, I am familiar with the ways drug trafficking organizations (DTOs) conduct their business. My familiarity includes the

**Affidavit - 1**

methods by which DTO's illegally smuggle, distribute, and transport narcotics; their use of cellular telephones and stored-value cards to facilitate narcotic and cash smuggling activities; and their use of numerical codes and code words to conduct narcotic transactions. I am also familiar with the ways that DTOs conceal, convert, transmit, and transport currency and proceeds, and the use of third parties to purchase or hold title to assets.

## II. Probable Cause

4. I have probable cause to believe that Isaiah Moreno and Elias Sisneros have violated 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), that is, distribution and possession with the intent to distribute a mixture and substance containing a detectable amount of Tetrahydrocannabinols, a schedule I controlled substance, as well as 18 U.S.C. § 924(c), that is, possession of firearms in furtherance of a drug trafficking crime.

5. The following information is based on my own observations, information received from other DEA agents, and information provided to me by other law enforcement officers involved in the investigation. Since I am submitting this affidavit for the limited purpose of establishing probable cause, I have not included every fact known to me and other investigators. Rather, I am only submitting the facts necessary to establish probable cause that Moreno and Sisneros committed the offenses described above.

### III. Background

6. On August 16, 2021 at approximately 8:50 p.m., TFO Williams conducted an undercover controlled purchase of THC wax and four (4) automatic, AR-style firearms from Moreno and Sisneros at a parking lot located in the 5300 block of Avenue P, Lubbock, Texas, which is located in the Northern District of Texas. TFO Williams arranged for Moreno, who was located in New Mexico, to travel to Lubbock to deliver the firearms and approximately one (1) pound of THC wax on August 16, 2021. Moreno advised that his friend (Sisneros) would be driving him in a "black 300" passenger car to make the delivery. Once Moreno and Sisneros arrived in Lubbock, Moreno advised he was here and ready to make the delivery. TFO Williams drove to 5300 Avenue P and met with Moreno. TFO Williams exited his vehicle and Moreno exited the vehicle that he had arrived in that was driven by Sisneros. TFO Williams and Moreno met together in a third vehicle. Inside the vehicle, Moreno had carried a black bag containing the four (4) AR-style firearms TFO Williams had previously arranged to purchase. During the meeting, Moreno explained that the guns were fully automatic. Moreno also took the firearm apart and showed TFO Williams the manufactured piece that made the firearm fully automatic. Moreno explained that he took part in manufacturing the weapons to make them full auto and "ghost guns." There were no markings or serial numbers on the firearms, therefore, based on TFO Williams training and experience, I am aware that these types of guns are referred to on the streets as "ghost guns." After looking at the firearms, TFO Williams handed Moreno a plastic bag that contained $10,000.00 U.S.

**Affidavit - 3**

dollars of Lubbock Police Department (LPD) and Bureau of Alcohol, Tobacco, and Firearms (ATF) official approved funds.

7. After receiving the buy money, Moreno went back to the black Chrysler 300 driven by Sisneros. In view of Sisneros, Moreno removed approximately one (1) pound of what appeared to be THC wax. The THC wax was packaged in 16 separate glass jars. This is a common practice used by marijuana and THC traffickers for resale purposes. Moreno provided the suspected THC wax to TFO Williams. Moreno was provided with an additional $2,000.00 of LPD/ATF official approved funds. Based on my training, education, and experience I believed the wax substance in the jars to be THC concentrate. This substance was later field tested and revealed a positive result for the presence of marijuana. The suspected THC wax had an approximate weight of 2,095 gross grams.

8. After the purchase, TFO Williams left the scene with the firearms and THC wax. Moreno returned to the black Chrysler 300 and left the scene. Agents followed the vehicle as it left Lubbock County. In Muleshoe, Texas, Sisneros failed to make a complete stop at a stop sign. A Texas Department of Public Safety (DPS) trooper conducted a traffic stop of the vehicle. The trooper smelled the odor of marijuana inside the vehicle. After a probable cause search of the vehicle was conducted, the trooper located additional suspected THC wax and two handguns. Both Sisneros and Moreno were placed under arrest at this time. After their arrests, agents located the buy money used to purchase the firearms—confirmed by serial numbers—on both Sisneros and

**Affidavit - 4**

Moreno. Sisneros and Moreno were both arrested and transported to the Lubbock County Detention Center for processing.

9. TFO Williams knows from training and experience that it is common for individuals engaged in drug trafficking, and specifically THC trafficking, to possess firearms. As evidenced by this undercover purchase, narcotics transactions often include exchanging large amounts of currency for highly-valuable drugs. Due to the illicit nature of these transactions, traffickers commonly possess firearms to protect their drugs or drug proceeds from being taken should a potential customer try to take either by force. TFO Williams believes, based on training and experience, that the two pistols Moreno and Sisneros possessed in their vehicle at the time of their arrest on August 16, 2021 furthered their distribution and possession with intent to distribute THC.

## CONCLUSION

10. Based upon the information contained in this affidavit, I believe that there is probable cause to believe that Isaiah Moreno and Elias Sisneros have committed a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), that is, distribution and possession with the intent to distribute a mixture and substance containing a detectable amount of Tetrahydrocannabinols, a schedule I controlled substance, as well as 18 U.S.C. § 924(c), that is, possession of firearms in furtherance of a drug trafficking crime.

Tony D. Williams
DEA Task Force Officer

Affidavit - 5

Pursuant to Federal Rules of Criminal Procedure 4.1 and 4 1(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this __17th__ day of __August__ 2021.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE

Affidavit - 6